'O'

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROLANDO RENDEROS, | Case Nos. 2:17-CV-09213-CAS |
| | 2:13-CR-00102-ABC-1 |
| Petitioner, | |
| v. | PETITIONER'S MOTION FOR WRIT |
| | OF HABEAS CORPUS (Dkt. 1, filed |
| STEVE LANGFORD, | December 27, 2017). |
| Respondent. | |

## I. INTRODUCTION AND BACKGROUND

On October 7, 2013, a jury found Jose Rolando Renderos ("petitioner") guilty of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); access device fraud, in violation of 18 U.S.C. § 1029 (a)(1); using and trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029 (a)(2); trafficking in counterfeit access devices, in violation of 18 U.S.C. § 1029 (a)(1); attempted possession of 15 or more counterfeit access devices, in violation of 18 U.S.C. § 1029 (a)(3); possession of 15 or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); possession of device making equipment, in violation of 18 U.S.C. § 1029(a)(4); trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1); and

aggravated identity theft, in violation of 18 U.S.C. §1028A (a)(1). Dkt. 349 ("Opp'n") at 2.[1] In brief, petitioner and his co-defendants were convicted of participating in a fraudulent credit card scheme. Id. Petitioner and his co-defendants were found be in possession of over 94,000 un-embossed credits cards, opp'n at 1 n.1, and accumulated approximately $31,392.08 in fraudulent credit card charges, dkt. 292 ("Sentencing Transcript") at 60.

Petitioner received a sentence of 180 months. Id. at 51, 55. The district court, the Honorable Audrey B. Collins ("Judge Collins") presiding, applied several sentencing enhancements, three of which are currently at issue: (1) a two-level enhancement, pursuant to U.S.S.G § 3B1.4, for the "use of a minor" in furtherance of the scheme; (2) a 22-level enhancement, pursuant to U.S.S.G § 2B.1(b)(1)(L), because the loss amount, which includes both actual loss and intended loss, was greater than $20,000,000 but less than $50,000,000; and (3) a two-level enhancement, pursuant to U.S.S.G § 2B.1.1(b)(11), for the possession or use of device-making equipment. Opp'n at 2. Although petitioner disputed the loss amount during sentencing, he did not address or challenge the merits of the other two enhancements. Id.

In considering all applicable sentencing enhancements, the district court calculated an offense level of 40. Sentencing Transcript at 37, 45. Based on that offense level and a Criminal History Category of V, the Court determined that, pursuant to the Sentencing Guidelines, the appropriate sentence for petitioner ranged from 360 months to life imprisonment. Id. at 33, 45. In its discretion, however, the district court imposed a 10-level downward variance. Id. at 51. Hence, the district court sentenced petitioner to 180 months' imprisonment, which included the 24-month consecutive sentence mandated by petitioner's conviction for aggravated identity theft. Id.

---

[1] Unless otherwise noted, all docket numbers referenced within refer to Case No. 2:13-CR-00102-ABC, which has a complete record of the filings.

On December 9, 2015, the Ninth Circuit affirmed petitioner's convictions, and petitioner did not seek certiorari. Dkt. 314. On direct appeal, petitioner failed to raise any sentencing claims. Id. On July 25, 2017, petitioner pro se submitted a Motion Requesting Equitable Tolling on the grounds that his attorney promised to file a motion pursuant to 28 U.S.C. § 2255, but failed to do so and discontinued communications with petitioner. See Case No. 07-CR-00042 dkt. 32. The district court, the Honorable Judge Virginia A. Phillips presiding, ruled on the motion because petitioner erroneously filed his motion for equitable tolling under his Supervised Release case number, associated with a prior conviction. Because petitioner failed to file an actual motion pursuant to § 2255 along with his motion for equitable tolling, the district court declined to issue an advisory opinion on whether his habeas petition would be time-barred when filed. Case No. 07-CR-00042-VAP dkt. 34. The district court thus denied the motion on August 4, 2017. Id.

On December 27, 2017, petitioner pro se filed the instant petition under 28 U.S.C. § 2241 to challenge three sentencing enhancements applied by the district court. Case No. 17-CV-09213-CAS dkt. 1 ("§ 2241 Petition").[2] Petitioner also attached the Motion for Equitable Tolling that petitioner previously filed, and which detailed petitioner's counsel's alleged failure to communicate. Case No. 17-CV -09213-CAS dkt. 2 ("Tolling Mot."). On December 3, 2018, the government filed a Motion to Dismiss petitioner's § 2241 Petition. See Opp'n. On January 14, 2019, petitioner filed a reply to the government's opposition. Case No. 17-CV -09213-CAS dkt. 10.

/ / /

/ / /

---

[2] A petitioner must file a § 2241 petition in the district with jurisdiction over the petitioner's custodian, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973), and only the sentencing court has jurisdiction to consider a § 2255 motion, id. at 497. Due to Judge Collins' retirement, petitioner's case was randomly assigned to this Court.

## II. LEGAL STANDARD

While challenges to sentencing enhancements typically fall under 28 U.S.C. § 2255, courts have recognized "one exception to the general rule[,] called the 'escape hatch.'" Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). The so-called "escape hatch" permits a federal prisoner to file a petition under 28 U.S.C. § 2241 if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. (citations and internal quotation marks omitted); see 28 U.S.C. § 2255(e). The escape hatch only applies if the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens, 464 F.3d at 898. "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Id. at 898 (quoting Bousley v. United States, 532 U.S. 614, 623 (1998)). Thus, to show actual innocence, petitioner must prove that he is factually innocent of the charge. Bousely v. United States, 523 U.S. at 623.

## III. DISCUSSION

### A. Petitioner's § 2241 Motion

Petitioner does not satisfy the requirements necessary to invoke § 2241's "escape hatch."[3] As a preliminary matter, petitioner does not claim that he is actually or factually innocent of the crimes charged. He also produces no evidence to support such a contention.

---

[3] The government contends that the Court should treat petitioner's motion as a motion filed under 28 U.S.C. § 2255 because petitioner raises issues pertaining to his sentencing enhancements. However, petitioner has submitted a motion pursuant to 28 U.S.C. § 2241, and thus the Court will treat the motion as such. Section 2241 has no statute of limitations, and therefore the Court need not address petitioner's motion for equitable tolling. Additionally, while petitioner's motion for equitable tolling details petitioner's attorney's alleged negligence, because petitioner has not filed a formal ineffective assistance of counsel claim, the Court will not address the government's arguments on that issue.

Rather, petitioner contends that the district court erroneously applied three sentencing enhancements: (1) a two-level enhancement pursuant to U.S.S.G § 3B1.4 for the "use of a minor" in furtherance of the scheme; (2) a 22-level enhancement pursuant to U.S.S.G § 2B.1(b)(1)(L) because the loss amount was greater than $20,000,000 but less than $50,000,000; (3) a two-level enhancement pursuant to U.S.S.G § 2B.1.1(b)(11) for the possession or use of device-making equipment. Opp'n at 2. To date, the Ninth Circuit has not held whether a petitioner may "assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). However, as discussed below, even assuming that petitioner could assert such a claim, petitioner cannot establish ineligibility for any of the three sentencing enhancements applied. See United States v. Meeks, 616 F. App'x 335, 336 (9th Cir. 2015).

### i. "Use of a Minor" Enhancement

The district court applied a two-level "use of a minor" enhancement upon determining that petitioner brought his son, Jose Ulloa ("Ulloa"), into the criminal enterprise at the age of 16. Sentencing Transcript at 47. Petitioner contends that the two-level enhancement for "use of a minor" was improper because an overt act in the indictment occurred when his son was already 18. § 2241 Petition at 2–3. However, the "use of a minor" enhancement is not exclusively attributable to overt acts described in the indictment. Instead, the "district court may impose the [use of a minor] enhancement [where] a preponderance of the evidence demonstrates that the defendant 'acted affirmatively to involve the minor in the crime.'" United States v. Flores, 725 F.3d 1028, 1040 (9th Cir. 2013) (quoting United States v. Jimenez, 300 F.3d 1166, 1169 (9th Cir. 2002)). Here, the evidence demonstrated that Ulloa began participating in petitioner's scheme as a minor, which was evidenced by Ulloa's interviews with special agents, his testimony at trial, and bank records. Opp'n at 12. Accordingly, the record does not demonstrate that petitioner is actually innocent of this enhancement. Thus, the Court finds that the two-level enhancement for "use of a minor" was correctly applied.

### ii. "Loss Amount" Enhancement

The district court applied a 22-level enhancement because the loss amount was greater than $20,000,000 but less than $50,000,000. Pursuant to U.S.S.G. § 2B1.1 cmt. 3(F)(i), the district court applied a $500 penalty for each un-embossed credit card. Sentencing Transcript at 59.[4] Because petitioner possessed approximately 94,000 un-embossed cards, opp'n at 1 n.1, the district court found a total loss, including intended loss, of between $47 and $48 million, despite the fact that petitioner and his co-defendants incurred only $31,392.08 in actual charges, sentencing transcript at 59–60.

Petitioner argues that the district court improperly applied the "loss amount" enhancement because he could not have intended such an extreme loss because the un-embossed cards could not be used to obtain goods or money. § 2241 Petition at 5. In response, the government argues that petitioner is merely repeating the same arguments that his counsel raised at the sentencing hearing. Opp'n at 13. In prior motions, the government contended that although the un-embossed cards could not be used to obtain anything of value by themselves, if used in conjunction with another access device (i.e. a stolen credit card number), then they could be used to obtain goods or money. Dkt. 232 at 6.

Under 18 U.S.C. § 1029(e)(1), an access device is defined as: "any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, *alone or in conjunction with another access device*, to obtain money, goods, services, or any other thing of value." 18 U.S.C. § 1029(e)(1) (emphasis added). Here, petitioner owned device-making equipment

---

[4] U.S.S.G. § 2B1.1 cmt. 3(F)(i) states, "[i]n a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device."

-6-

that could convert the un-embossed cards into an access device capable of obtaining money, goods, or services. See id. Moreover, the Ninth Circuit has held that "a blank credit card is an access device within the meaning of 18 U.S.C. § 1029(e)(1)." United States v. Nguyen, 81 F.3d 912, 914 (9th Cir. 1996). Thus, the Court finds that a plain reading of the statutory language in conjunction with established Ninth Circuit precedent renders petitioner's argument unavailing.

Petitioner cites U.S. v. Onyesoh, 674 F.3d 1157 (9th Cir. 2012), to support his assertion that un-embossed cards cannot be considered access devices because those cards are unusable. Mot. at 6. However, Onyesoh does not stand for the proposition that the credit cards must be usable at the time of the scheme, but rather, that the government must provide evidence of the "usability of an expired credit card." Onyesoh, 674 F.3d at 1157. At sentencing, the Judge Collins found that petitioner had the capability to create usable credit cards from the un-embossed credit cards. Sentencing Transcript at 29–31; Dkt. 232 at 4–13. The Court agrees with the district court's finding. Petitioner owned devise making equipment, including multiple embossers, and has been previously convicted of manufacturing counterfeit credit cards from un-embossed cards. Id. at 7–8. Therefore, consistent with Ninth Circuit precedent, each un-embossed credit card seized in this case could be considered a counterfeit or unauthorized access device with a minimum loss amount of $500.

Moreover, petitioner does not dispute the facts relating to this enhancement nor does he claim that he is actually innocent of possessing the un-embossed cards, rather he claims that the district court legally misconstrued the enhancement's directive. See Marrero, 682 F.3d at 1195 (holding that purely legal arguments are not cognizable as a claim of actual innocence). In making this legal argument, and failing to prove factual innocence, petitioner is unable to utilize the "escape hatch" under 28 U.S.C. § 2241 for this enhancement.

### iii. "Aggravated Identity Theft" Enhancement

Petitioner also contends that the district court incorrectly applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(11). A defendant can qualify for a two-level enhancement under U.S.S.G. § 2B1.1(b)(11) if convicted of aggravated identity theft.

Petitioner appears to contend that the enhancement is duplicative of his Aggravated Identity Theft conviction, in that both the conviction and enhancement require possession or use of a "means of identification." See 18 U.S.C. 1028A ("[w]hoever, during and in relation to any felony violation . . . knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person"). However, the district court properly applied the enhancement for "possession of device-making equipment" rather than for "means of identification." U.S.S.G. § 2B1.1(b)(11) ("[i]f the offense involved [the] possession or use of any . . . device-making equipment").

Here, too, petitioner does not dispute the facts related to this enhancement nor does he contend that he is innocent of the Aggravated Identity Theft conviction or of owning device-making equipment. Instead, petitioner contends that the district court legally erred in applying the enhancement. As previously discussed, legal arguments are not cognizable claims of actual innocence. See Marrero, 682 F.3d at 1195. Accordingly, the Court finds that the "aggravated identity theft" enhancement was correctly applied.

\*    \*    \*

In sum, the Court finds that petitioner has not proved that he is actually innocent of the charged offenses nor of the sentencing enhancements applied. His § 2241 Petition thus fails as a matter of law. Accordingly, the Court need not address the "unobstructed procedural shot" prong of the escape hatch. Based on the foregoing reasons, the Court **DENIES** petitioner's § 2241 Petition.

///
///
///
///

## IV. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** petitioner's § 2241 Petition.

**IT IS SO ORDERED.**

DATED: April 24, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**cc:    Via U.S. Postal Service**
**Jose Rolando-Renderos**
**Reg. No. 25376-112**
**FTC Oklahoma City**
**Federal Transfer Center**
**P.O. Box 898801**
**Oklahoma City, OK  73189**